UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE BEASLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV217 RLW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner George Beasley's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 ("Motion"), filed August 15, 2016. (ECF No. 1).

**BACKGROUND**

On June 18, 2015, a Grand Jury in the Eastern District of Missouri, Southwestern Division, returned a two-count indictment against Beasley, charging him with one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §841(a) and one count of Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. §841(a). (Case Number 1:15CR77RWS, ECF No. 1). On August 17, 2015, Beasley pleaded guilty to count one of the charge made in the Indictment. (Case Number 1:15CR77RWS, ECF No. 54). The Government agreed to dismiss count two at sentencing. The Presentence Investigation Report (PSR) found that Beasley was a career offender under U.S.S.G. §4B1.1(a), resulting in a Total Offense Level of 34. (Case Number 1:15CR77RLW, ECF No. 74, PSR, ¶35). The predicate convictions listed in the PSR were two controlled substances convictions for Promoting Manufacture of Methamphetamine in Shelby County Criminal Court; Memphis, Tennessee.

(Case Number 1:15CR77RLW, ECF No. 74, PSR, ¶¶43, 44).[1]  Beasley's Criminal History Category was listed as a VI because he was classified as a career offender, and his resulting sentencing range was 262 to 327 months.  (ECF No. 74, PSR, ¶48, 81).  On November 16, 2015, this Court entered judgment against Beasley.  (Case Number 1:15CR77RWS, ECF No. 82).  The Court found Beasley to be a career offender and sentenced him to a below-guideline sentence of a term of imprisonment of 236 months.  Beasley did not appeal his conviction or sentence and has not filed another habeas action prior to this one.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that "an error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011)(internal citations omitted).  To warrant relief under §2255, the errors of which the movant complains must amount to a fundamental miscarriage of justice. *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305, 41 L. Ed. 2d 109, 119 (1974); *Hill v. United States*, 368 U.S. 424, 428-29, 82 S. Ct. 468, 471, 7 L. Ed. 2d 417, 422 (1962).

## DISCUSSION

In his §2255 Petition, Beasley contends he was improperly classified as a career offender based upon a retroactive application of *Johnson v. U.S*, 576 U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).  Beasley states:

> Ineffective counsel-under advisement of my lawyer, I pleaded to 236 months.  In light of *Johnson v. U.S.*, I was careered out due to drug charges that are now

---

[1] Beasley does not challenge these predicate criminal convictions.

charged in light of *Welch v. U.S.* Its [sic] officially retroactive, after these illegal enhancements come off, I will no longer be careered out.

(ECF No. 1, §2255 Habeas Petition, p. 4).[2] In other words, Beasley appears to argue he was improperly classified as a career offender and the recent holdings in *Johnson* and *Welch* mandate this Court resentence him without finding him to be a career offender. Beasley claims that he did not raise this issue on appeal "[i]n light of current cases that weren't ruled on at the time of my sentencing." (ECF No. 1, §2255 Habeas Petition, p. 5).

In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's ("ACCA"; 18 U.S.C. §924(e)) residual clause was unconstitutionally vague and "thus fixed—in an impermissibly vague way—a higher range of sentences for certain defendants." *Beckles v. United States*, 137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017); *Johnson*, 135 S. Ct. 2551, 2563, 192 L. Ed. 2d 569 ("imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process").[3] Here, Beasley tries in his Habeas Petition to apply the holding of *Johnson* to claim that the similarly-worded United States Sentencing Guidelines' (USSG) definition of a crime of violence was unconstitutionally vague.

---

[2] *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016)

[3] The ACCA defines "violent felony" as follows:

"any crime punishable by imprisonment for a term exceeding one year ... that—
"(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
"(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).

The closing words of this definition, italicized above, have come to be known as the ACCA's residual clause.

*Johnson*, 135 S. Ct. at 2555–56.

Since Beasley filed his Habeas Petition on August 15, 2016, the Supreme Court issued its decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). In *Beckles*, the Supreme Court addressed whether a career offender could assert that the holding of *Johnson* could be applied retroactively to a career offender's sentence that might be impacted by the residual clause definition of a crime of violence set out in the Sentencing Guidelines, specifically U.S.S.G. §4B1.2(a)(2).[4] Beckles, like Beasley, had been originally sentenced as a career offender. Beckles contended that the retroactive application of *Johnson* (invalidating the residual clause definition of a violent felony pursuant to 18 U.S.C. §924(e)(2)(B)) likewise invalidated his sentence under the USSG. *Beckles*, 137 S. Ct. at 890 (citing *Johnson*). The *Beckles* Court held:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

---

[4] The 2006 version of the Guidelines, which were in effect when Beckles was sentenced, provided that "[a] defendant is a career offender if
"(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).
The Guidelines defined "crime of violence" as
"any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
"(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
"(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 4B1.2(a) (emphasis added).
The clause beginning with "or otherwise" in this definition is known as the residual clause.

*Beckles*, 137 S. Ct. at 890–91.

*Beckles*, 137 S. Ct. at 892. Therefore, the Supreme Court in *Beckles* has rejected the argument that the holding in *Johnson* was applicable to the residual clause of the USSG. Likewise, Beasley's challenge to his career offender status based upon *Johnson* also cannot stand. Therefore, the Court holds that *Johnson* has no impact on Beasley's case and he is not entitled to relief under his §2255 motion.

This claim is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner George Beasley's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834, 119 S. Ct. 89, 142 L. Ed. 2d 70 (1998).

Dated this 15th day of July, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE